UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JAMES G. WHITE | CIVIL ACTION NO. 06-0665 |
| VS. | SECTION P |
| WARDEN SILLS | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner James G. White on November 8, 2005.[1] When he filed this suit petitioner was a detainee awaiting trial on charges pending in the Orleans Parish Criminal District Court. He was, however, detained at the J.B. Evans Correctional Center (JBECC), Newellton, Louisiana, having been evacuated from New Orleans in the aftermath of Hurricane Katrina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because the petitioner did not exhaust all available state court remedies prior to filing his petition.

## STATEMENT OF THE CASE

---

[1] White filed his original pleading in the Shreveport Division of this court and it was assigned Docket Number 5:05-cv-2032. On February 6, 2006, the Magistrate Judge construed the pleading as arising under the provisions of 28 U.S.C. §2254 and, since Orleans Parish was the site of the criminal proceedings which were the subject of the collateral attack, the matter was transferred to the United States District Court for the Eastern District of Louisiana. [see doc. 6] Accordingly, the suit filed under docket number 5:05-cv-2032 was closed.

On April 11, 2006, United States District Judge Jay C. Zainey noted that the petition attacked the constitutionality of his current detention and, since petitioner was being detained in a jail located within the Monroe Division of this court, Judge Zainey ordered the matter transferred. [doc. 8-1] On April 17, 2006, the matter was re-docketed in this division under the docket number set forth above.

1

Petitioner is a detainee awaiting trial on unspecified charges pending in the Orleans Parish Criminal District Court. He and others similarly circumstanced were evacuated from the Orleans Parish Prison in the aftermath of Hurricane Katrina. When he filed this *habeas corpus* petition, he was being detained on behalf of the Orleans Parish authorities at the JBECC. He argued that his due process and speedy trial rights were being violated. He asked for his immediate release from custody.

## LAW AND ANALYSIS

Petitioner is a pre-trial detainee who is challenging his present detention. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed by a convict pursuant to 28 U.S.C. §2254 is well established. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). A state convict seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose*, 455 U.S. 509; *Minor,* 697 F.2d 697. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). This jurisprudential requirement is now also statutorily

2

mandated. See 28 U.S.C. §2254(b)(1)(A).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard,* 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Federal courts should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the

> second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner's claims and prayer for relief suggest that he seeks enforcement of the state's obligation to bring him promptly to trial; yet, it also appears that he seeks his immediate release and the dismissal of pending charges. In either case, exhaustion of state remedies must occur before this court may intervene.

The undersigned notes that Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Further, through the Motion to Quash, Louisiana criminal defendants may raise the issue of the timeliness of their prosecution. See La. C.Cr.P. arts. 531 *et seq*., and, arts. 571 *et seq*. Before he may seek federal *habeas* relief, petitioner must first avail himself of these or any other available remedies provided by the state. Petitioner implies that the remedies afforded by Louisiana are ineffective. However, his conclusory assertion is no substitute for a *bona fide* attempt to exhaust state remedies.

In order to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before a federal court will review those claims. Petitioner has not invoked the jurisdiction of any Louisiana courts. Furthermore, a review of the published jurisprudence reveals that petitioner has not had his present claims reviewed by the Louisiana Supreme Court. In short, these *habeas corpus* claims remain unexhausted.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Monroe, Louisiana this 18th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE